COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | | |
|---|---|---|
| JOHNNY LEE MOLDER, JR., | § | No. 08-13-00114-CR |
| Appellant, | § | Appeal from the |
| v. | § | 355th Judicial District Court |
| THE STATE OF TEXAS, | § | of Hood County, Texas |
| Appellee. | § | (TC# CR11481) |
| | § | |

## MEMORANDUM OPINION

Johnny Lee Molder, Jr. appeals his conviction of indecency with a child by contact following revocation of deferred adjudication community supervision. We affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

Molder waived his right to a jury trial and entered a negotiated plea of guilty to the charged offense of indecency with a child by contact, a second degree felony. The trial court found that the evidence supported a finding of guilt, but deferred adjudicating guilt and placed Molder on deferred adjudication community supervision for 10 years. The State subsequently filed a motion to proceed with adjudication of guilt based on four alleged violations of the terms and conditions of community supervision, including an allegation that Molder had unsupervised contact with several children younger than 17 years of age. Molder entered a plea of true to the State's

allegations, and the trial court accepted his plea. After hearing evidence and considering arguments, the trial court found that Molder violated the terms and conditions of community supervision as alleged in the State's motion and assessed punishment at 20 years' imprisonment.

## *ANDERS* BRIEF

Molder's court-appointed appellate counsel has filed an *Anders* brief. *See Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493, *reh. denied,* 388 U.S. 924, 87 S.Ct. 2094, 18 L.Ed.2d 1377 (1967); *High v. State*, 573 S.W.2d 807, 813 (Tex.Crim.App. [panel op.] 1978)(adopting the *Anders* procedure); *see also Stafford v. State*, 813 S.W.2d 503, 509-11 (Tex.Crim.App. 1991). In *Anders*, the United States Supreme Court recognized that counsel, though appointed to represent the appellant in an appeal from a criminal conviction, had no duty to pursue a frivolous matter on appeal. *Anders*, 386 U.S. at 744, 87 S.Ct. at 1400. Counsel was thus permitted to withdraw after informing the court of his conclusion and the effort made in arriving at that conclusion. *Id*.

In this case, Molder's appellate counsel has concluded that after a thorough review of the record, Molder's appeal is frivolous and without merit. Counsel's brief meets the requirements of *Anders* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *See Anders*, 386 U.S. at 744, 87 S.Ct. at 1400. In accordance with *Anders*'s requirements, Molder's counsel has moved to withdraw. Counsel states in his motion that he delivered copies of the motion and *Anders* brief to Molder and advised Molder of his right to examine the appellate record and file a *pro se* brief. Molder has not filed a *pro se* brief.

## INDEPENDENT REVIEW

After counsel files a proper *Anders* brief, the court of appeals must conduct its own review

2

of the record to ascertain if there are any arguable grounds for the appeal. *Stafford*, 813 S.W.2d at 511. We have thoroughly reviewed the record and counsel's brief in this case, and we agree with counsel's professional assessment that the appeal is frivolous and without merit. Because there is nothing in the record that might arguably support the appeal, a further discussion of the arguable grounds advanced in counsel's *Anders* brief would add nothing to the jurisprudence of the State.

## CONCLUSION

We affirm the trial court's judgment.

March 28, 2014

YVONNE T. RODRIGUEZ, Justice

Before McClure, C.J., Rivera, and Rodriguez, JJ.

(Do Not Publish)